UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22395-CV-JAL
(RELATED CASE NO. 00-00376-CR-JAL)

YUBY RAMIREZ,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.
_____/

**SUPPLEMENTAL ORDER DENYING PETITION TO VACATE, SET ASIDE
OR CORRECT SENTENCE (D.E. 1) IN ITS ENTIRETY AND DENYING
REQUEST FOR EVIDENTIARY HEARING PURSUANT TO MANDATE
ISSUED BY THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**THIS CAUSE** is before the Court on remand from the United States Court of Appeals for the Eleventh Circuit, pursuant to the mandate issued on February 14, 2008 (D.E. 40), and pursuant to the certificate of appealability ("COA," D.E. 36) granted on March 8, 2007 by the Eleventh Circuit, on the sole issue of whether the trial counsel of Petitioner Yuby Ramirez ("Ramirez") were ineffective because they misrepresented the maximum sentence Ramirez faced under the sentencing guidelines if convicted at trial.[1]

---

[1] The last sentence of the mandate issued by the Eleventh Circuit on February 14, 2008 states that "We accordingly vacate and remand." (D.E. 40 at 8.) The Eleventh Circuit's opinion does not specify whether the entirety of this Court's September 27, 2006 Order - which denied Ramirez's habeas petition <u>and</u> also denied the habeas petition of her co-defendant at trial, Edward Lezcano (<u>see</u> D.E. 30) - is vacated. Nonetheless, based on the COA (D.E. 36) and on the opinion issued by the Eleventh Circuit (D.E. 40), it appears that only one issue remains for resolution by this Court: whether Ramirez is entitled to relief on her ineffective assistance of counsel claim due to her counsels' advice regarding the maximum sentence she faced. For

**I.     Background**

On September 23, 2004, Ramirez filed a Petition Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence ("Petition," D.E. 1). After a jury trial, Ramirez was convicted of one count of witness tampering by murder, in violation of Title 18, United States Code, Section 1512(a)(1)(C) and Section 2, and was sentenced to life imprisonment. The Court of Appeals for the Eleventh Circuit has summarized the facts of the underlying criminal case as follows:

> [Ramirez and her co-defendants] were involved in a conspiracy to murder various witnesses who were scheduled to testify against Salvador Magluta and Augusto Falcon, alleged drug kingpins in South Florida. As a result of that conspiracy, three potential witnesses were murdered, and various attempts were made to kill others.
> Consequently, on May 11, 2000, a grand jury indicted the [Ramirez and her co-defendants] . . . for witness tampering.[2] The four-count indictment charged . . . Ramirez with one count of witness tampering. The case proceeded to trial, and, after

---

clarity, the Court hereby incorporates and adopts by reference all of its findings regarding all of Edward Lezcano's habeas claims, as well as its findings regarding Ramirez's other habeas claims (see D.E. 30). With regard to Ramirez's ineffective assistance of counsel claim due to her counsels' advice regarding the maximum sentence she faced, the Court amends and supplements its previous rulings, as explained in this Order.

[2]     Count One of the indictment charged that one of Ramirez's co-defendants, Edward Lezcano, and a coconspirator "did knowingly, intentionally and willfully aid, abet, counsel, command, induce and procure the killing of Juan Acosta, Esq., by causing him to be shot by paid assassins, with the intent to prevent Juan Acosta, Esq., from testifying before a federal grand jury." Count Two charged that Edward Lezcano, [Jairo] Castro, and others "did knowingly, intentionally and willfully kill Luis Escobedo . . . with the intent to prevent Luis Escobedo . . . from communicating to a law enforcement officer or a judge of the United States information relating to the commission of federal offenses by Salvador Magluta . . . and Augusto Falcon." Count Three contained the same language as Count Two, but charged the defendants and others with the killing of Bernardo Gonzalez.

> opening statements, [Ramirez and her co-defendants] moved for a judgment of acquittal, asserting that the indictment was insufficient because it failed to charge the necessary elements of first degree murder, "malice aforethought" and "premeditation." Hence, they argued that they were entitled to a judgment of acquittal, because the indictment was time-barred. The district court, construing the motion as a Federal Rule of Criminal Procedure 12(b)(2) motion, held that their motion was untimely. Alternatively, it held that, under a liberal construction of the indictment, those elements were charged. It therefore denied the defendants' motion and instructed the jury regarding those elements.

United States v. Ramirez, 324 F.3d 1225, 1226 (11th Cir. 2003) (per curiam) (quotations and footnote in original).

On appeal, Ramirez asserted that "the indictment was insufficient, because the necessary elements of first degree murder, 'malice aforethought' and 'premeditation,' were not charged," and that, "without those elements, the indictment was time-barred as it failed to charge a capital crime." See id. at 1227. Nonetheless, the Court of Appeals affirmed, and held that "when a statute of limitations defense is clear on the face of the indictment and requires no further development of facts at trial, a defendant waives his right to raise that defense by failing to raise it in a pretrial motion." Id. at 1228-29.

In her Petition, Ramirez asserted that she received ineffective assistance of trial counsel on various grounds. (See D.E. 2.) Ramirez also requested a hearing on the claims presented in her Petition. (Id. at 13.) On September 27, 2006, without holding an

evidentiary hearing, the Court issued an Order denying Ramirez's Petition. (D.E. 30.)³ Therein, the Court held, inter alia, that Ramirez failed to establish that the actions of her counsel fell below an objective standard of reasonableness, and, as such, the Court found that it was not required to address the "prejudice" prong under Strickland v. Washington, 466 U.S. 668 (1984), nor was the Court required to conduct an evidentiary hearing. (Id. at 5-9.)

On March 8, 2007, the Eleventh Circuit issued an Order (D.E. 36) granting Ramirez's Motion for Certificate of Appealability (D.E. 31) on the sole issue of whether trial counsel were ineffective because they misrepresented the maximum sentence Ramirez faced if convicted at trial. On February 14, 2008, the Eleventh Circuit issued its opinion, in which it held, in part, that "if it is true that counsel advised, at the time Ramirez was considering plea offers of five- and ten-year terms, that Ramirez only faced a maximum punishment of ten years when in actuality she faced a possible life sentence, such performance was constitutionally deficient." (D.E. 40 at 10.) Further, the Eleventh Circuit ruled that, "[o]n remand, *if* the district court finds that Ramirez adequately alleged prejudice, Ramirez is entitled to an evidentiary hearing." (Id. (emphasis added).)

Thus, the Court must now decide whether Ramirez adequately alleged prejudice with respect to her ineffective assistance of counsel claim based on her counsels' advice

---

³ As noted above, the Court also denied Edward Lezcano's habeas petition in the same Order. (See D.E. 30.) Both Ramirez and Edward Lezcano raised claims for ineffective assistance of trial counsel on various grounds, as well as claims based on Blakely v. Washington, 524 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005).

regarding the maximum sentence she faced at trial.

## II. Discussion

The Eleventh Circuit has held that "[a] district court . . . need not conduct an evidentiary hearing if it can be conclusively determined from the record that [a] petitioner was not denied effective assistance of counsel." Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). In turn, a petitioner is entitled to habeas relief on an ineffective assistance of trial counsel claim only if he or she shows that (1) the attorney's representation fell below an objective standard of reasonableness and (2) this failure prejudiced him or her in that there is a reasonable probability that, but for the attorney's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Significantly, the Court need not "address both components of the inquiry if [a petitioner] makes an insufficient showing on one." Id. at 697. Further, the burden of proof with respect to both prongs remains on a petitioner throughout a habeas corpus proceeding. Roberts v. Wainwright, 666 F.2d 517, 519 n.3 (11th Cir. 1982).

In analyzing prejudice in the context of a petitioner's rejection of a guilty plea, the Court must determine whether the petitioner established "a reasonable probability that, but for counsel's errors, [the petitioner] would … have pleaded guilty and would [not] have insisted on going to trial." Smith, 170 F.3d at 1053 (citations omitted). Thus, to prevail on her claim, Ramirez must demonstrate that, but for her counsel's erroneous

advice regarding the maximum sentence she faced, there is a reasonable probability that she would have accepted a plea offer of five (5) years or ten (10) years of imprisonment. See Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991); see also Cook v. United States, 189 Fed. Appx. 927, 929 (11th Cir. 2006).  To do so, Ramirez must do more than offer "after the fact testimony concerning [her] desire to plead," such as cite to evidence indicating that prior to her conviction she expressed a desire to plead guilty.  See Diaz, 930 F.2d at 835.

In support of her claim that she was prejudiced by her counsels' erroneous advice regarding the maximum sentence she faced, the memorandum in support of the Petition - which is verified by Ramirez - states that "[i]f correctly informed as to the law and facts, Ms. Ramirez would have jumped at the opportunity to plead to either five or ten years. She didn't because of the misrepresentation regarding the viability of the statute of limitations defense and regarding her maximum exposure." (D.E. 2 at 10-11.)  More specifically, the memorandum in support of the Petition states that:.

> First, [Ramirez's lawyers] told her that she had an absolute winner argument and that she should reject the government plea offers.  The lawyers explained that the statute of limitations argument could be raised after the jury was sworn and that the government would not be able to overcome this legal argument.  Accordingly, the lawyers told Ms. Ramirez to reject plea offers . . . . *It was this misreading of applicable law that cost Ms. Ramirez her life instead of five years*.

(Id. at 9 (emphasis added).)  The verified memorandum further states that, "[s]econd, Ms. Ramirez was also given incorrect advice as to the possible penalties she

was facing," in that her lawyers told her that, even if she lost at trial, at most, she would face ten years imprisonment, and so she should reject the plea because "it wasn't offering her anything." (Id. at 10.)

In further support of her claim, Ramirez also provides the Court with the Affidavit of Reuben Camper Cahn and Interview of Mary R. Barzee,[4] her trial counsel. (See D.E. 2 at 24-25, 27-28.) Mr. Cahn affirms that, before trial, Ramirez was given a written plea offer of 5 years imprisonment. (See id. at 25.) Mr. Cahn also affirms that, in advising Ramirez regarding the plea, he and Ms. Barzee first explained to Ramirez that they "expected the statute of limitations defense would be successful." (Id.) Mr. Cahn continues that, "[m]oreover, we told Ms. Ramirez that even if the district judge denied our motion to dismiss, she was facing a statutory maximum based on the charge of involuntary manslaughter . . . ." (Id.) He affirms that, "based on what we told her," Ramirez rejected the offer. (Id.)

Ms. Barzee's interview indicates that while preparing for trial, she "became convinced that the count against Yuby Ramirez did not charge first degree murder and therefore was barred by the statute of limitations," and that she and Mr. Cahn decided "to wait until after the jury was sworn to raise this argument." (Id. at 27.) After Ramirez was offered a five-year plea deal, Ms. Barzee and Mr. Cahn advised her not to accept the offer

---

[4] As noted in the Interview of Mary R. Barzee, judicial ethics prevent Ms. Barzee, who is now a circuit court judge, from submitting an affidavit. (D.E. 2 at 27.) Accordingly, an interview of Ms. Barzee was conducted in which she proffered statements to which she would testify at an evidentiary hearing on this matter.

because "they believed the statute of limitations defense would not lose." (Id. at 28.) The interview with Ms. Barzee further reveals that they "also advised her" that even if the motion to dismiss was denied, she was facing a statutory maximum based on second-degree murder at worst. (Id.) Further, the interview indicates that Ramirez told Ms. Barzee that Ramirez's "complete trust was with [her counsel] and that she would do whatever [counsel] advised." (Id.)

Under relevant case law, the Court's inquiry begins with whether Ramirez has established a reasonable probability that she would have accepted a plea offer but for her counsel's erroneous advice regarding the maximum sentence she faced; in this case, because the evidence on the record shows that Ramirez "would do whatever [counsel] advised" (see id. at 28), the Court must assess whether Ramirez's attorneys would have advised her to accept a plea had they known Ramirez faced a maximum sentence of life imprisonment.

First, the Court finds it significant that the record is devoid of any allegation that, had Ramirez's attorneys known that she faced life in prison, they would have advised her to accept a plea. Neither Mr. Cahn nor Ms. Barzee indicate that they would have in fact advised Ramirez to forego trial in favor of a plea had they known that the maximum sentence she faced was life imprisonment. In any event, the record belies such a claim, because it is clear that counsel vehemently believed that they would be successful in their argument that the charges against Ramirez were barred by the statute of limitations and

8

that the Court would therefore issue a judgment of acquittal for Ramirez; their belief in the success of the argument, therefore, in no way depended on the maximum sentence that Ramirez faced.  Although counsel erred in failing to advise Ramirez that she faced life imprisonment, given their earnest belief that their statute of limitations argument would be successful regardless of the sentence that Ramirez faced, it is not reasonably probable that Ramirez's attorneys would have advised her to accept a plea, even if armed with the knowledge that Ramirez faced life in prison.

Second, Ramirez herself also fails to allege that, <u>but for</u> her counsel's erroneous advice regarding her potential maximum sentence, there is a reasonable probability that she would have accepted a plea offer.  Ramirez states that she "would have jumped at the opportunity to plead," but "didn't because of the misrepresentation regarding the viability of the statute of limitations defense <u>and</u> regarding her maximum exposure." (D.E. 2 at 10-11 (emphasis added).)  Ramirez does not allege, however, that, absent her counsels' erroneous advice regarding her potential maximum sentence, <u>and despite</u> her counsels' belief that they would be successful on the statute of limitations defense and their resulting advice that she should reject the plea on that basis, she would have nonetheless pleaded guilty.  Ramirez's statement, therefore, does not amount to an allegation that, but for the constitutionally deficient advice regarding the maximum sentence she faced, it is reasonably probable that she would have pleaded guilty.

That Ramirez has failed to adequately allege prejudice is further evident in light of

the fact that the allegations presented by Ramirez clearly demonstrate (1) that the primary reason Ramirez proceeded to trial was due to counsels' earnest belief that they could successfully argue that the charges against Ramirez should be dismissed as time-barred; and (2) that the maximum sentence she thought she faced was a secondary consideration in deciding to proceed to trial.  In addition, as explained above, her attorneys' argument regarding the statute of limitations defense did not depend on the maximum sentence Ramirez faced, and therefore, it is not reasonably probable that her attorneys would have abandoned the statute of limitations argument and advised Ramirez to plead guilty even if they had thought that she actually faced life in prison.  Because it is also alleged that Ramirez would have done whatever her attorneys advised, it follows that Ramirez cannot establish a reasonable probability that she would have pleaded guilty but for her attorneys' erroneous advice regarding her potential maximum sentence.

Additionally, the Court notes that Ramirez has failed to assert any desire on her part to plead guilty prior to her conviction.  See Diaz, 930 F.2d at 835 (finding that appellant failed to establish prejudice where, inter alia, he cited to no evidence to indicate that prior to his conviction he expressed any desire to plead guilty).

Despite the circumstances of this case, the Court must ensure that "every effort be made to eliminate the distorting effects of hindsight."  Strickland, 466 U.S. at 689.  Where, as here, a petitioner has failed to adequately allege prejudice under Strickland, and has not established the requisite prejudice in light of the record, the petitioner is not

entitled to an evidentiary hearing or habeas relief on an ineffective assistance of counsel claim. Accordingly, it is:

**ORDERED AND ADJUDGED** that:

1. Petitioner Yuby Ramirez's Motion to Vacate, Set Aside, and Correct Sentence pursuant to 28 U.S.C. § 2255 (D.E. 1), filed on September 23, 2004, and her request for an evidentiary hearing, are **DENIED**.

2. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of February, 2008.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

cc:   All counsel of record