UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-376-Cr-Lenard(s)(s)(s)/Turnoff

UNITED STATES OF AMERICA

v.

YUBY RAMIREZ,
        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and Yuby Ramirez (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to a two-count third superseding information, which charges the defendant with: (a) as to Count 1 conspiring to violate Title 18, United States Code, Section 1512(a)(1)(C) by killing Luis Escobedo with the intent to prevent such individual from communicating to a law enforcement officer or a judge of the United States information relating to the commission of federal offenses by Salvador Magluta, a/k/a "Sal" and Augusto Guillermo Falcon, a/k/a "Willy"; all in violation of Title 18, United States Code, Section 371; and (b) as to Count 2 conspiring to violate Title 18, United States Code, Section 1512(a)(1)(C) by killing Bernardo Gonzalez with the intent to prevent such individual from communicating to a law enforcement officer or a judge of the United States information relating to the commission of federal offenses by Salvador Magluta, a/k/a "Sal" and Augusto Guillermo Falcon, a/k/a "Willy"; all in violation of Title 18, United States Code, Section 371.

*Plea Agreement: U.S. v. Yuby Ramirez*
*May 4, 2012*
*Page 1*

*Assistant United States Attorney*
*Attorney for Defendant*
*Defendant*

2.      If the defendant pleads guilty pursuant to this agreement and if the Court accepts such guilty plea, following the imposition of sentence the government will move to dismiss the indictment against the defendant in this matter.

3.      The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 5 years per count, for a total of term of imprisonment of 10 years, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000, and may order restitution.

5.      The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be

*Plea Agreement: U.S. v. Yuby Ramirez*
*May 4, 2012*
*Page 2*

*Assistant United States Attorney*
*Attorney for Defendant*
*Defendant*

imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant agree that, although not binding on the probation office or the court, that they will: (a) jointly recommend that the court impose the sentences for Counts 1 and Counts 2 of the information consecutive to one another, for a total term of imprisonment of 10 years; and (b) jointly recommend that the court sentence the defendant to a total term of imprisonment of 10 years.

8. The defendant further agrees to seek no downward departures from the guidelines level set by the Probation Office and the Court at sentencing.

9. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Title 18, United States Code, Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless

*Plea Agreement: U.S. v. Yuby Ramirez*
*May 4, 2012*
*Page 3*

Assistant United States Attorney
Attorney for Defendant
Defendant


(1) the sentence exceeds the maximum permitted by statute or (2) the sentence is the result of an upward departure from the guideline range the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. The defendant understands that, although the defendant will be sentenced in conformity with the Sentencing Guidelines, by this agreement the defendant waives the right to appeal the sentence on the basis that the sentence is the result of an incorrect application of the Sentencing Guidelines.

10. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

*Plea Agreement: U.S. v. Yuby Ramirez*
*May 4, 2012*
*Page 4*

*Assistant United States Attorney*
*Attorney for Defendant*
*Defendant*

11. This five-page agreement is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 5/15/2012            By: _____
                               MICHAEL S. DAVIS
                               ASSISTANT UNITED STATES ATTORNEY

Date: 5/15/12              By: _____
                               DAVID MARKUS, ESQ.
                               ATTORNEY FOR DEFENDANT

Date: 5-14-12              By: _____
                               YUBY RAMIREZ
                               DEFENDANT

Plea Agreement: U.S. v. Yuby Ramirez
May 4, 2012
Page 5

Assistant United States Attorney
Attorney for Defendant
Defendant